UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TEXAS RRR OIL & GAS, LLC and
ROBERT HUGHES,

     *Plaintiffs*,

v.                                                                    No. 5:24-CV-1346-JKP

BANK OF AMERICA CORPORTION and
BANK OF AMERICA, N.A.

     *Defendants.*

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Summary Judgment (ECF No. 20) filed by Defendants Bank of America Corporation ("BAC") and Bank of America, N.A. ("BANA"). To date, Plaintiffs have filed no response to the summary judgment motion and the time for doing so has passed. After due consideration, the Court grants the motion.

## I. BACKGROUND

The dispute in this case arises out of Patrick O'Donnell's June 2020 withdrawal of $917,154 from a business account maintained by Texas RRR Oil & Gas LLC ("RRR") at BANA. ECF. No. 20. Mr. O'Donnell was Plaintiffs' business partner and an authorized signatory on the account. *Id*.

RRR opened its business account with BANA on August 28, 2019. *Id*. at 3; Ex. A, BANA Affidavit, ¶ 2. Robert Hughes was the sole signatory on the account when the account was opened. Ex. A ¶ 2. On May 27, 2020, Mr. Hughes visited the BANA branch in Austin to update the business signature card and added Mr. O'Donnell as an authorized signatory on RRR's account. *Id*. ¶ 3; Ex. A-1, Business Signature Card. On the same day, May 27, 2020, Mr. O'Donnell went to the Ocean City, Maryland branch to sign the signature card. Ex. A ¶ 3. The signature card is governed by the terms and conditions of the account opening documents. *Id*.; Ex. A-1, Business Signature Card.

On June 27, 2020, Mr. O'Donnell returned to the Ocean City, Maryland branch, and withdrew $917,154 from RRR's account using a cashier's check payable to himself.  Ex. A ¶ 4; Ex. A-3 Withdrawal Slip. The check was negotiated with Capital One on June 20, 2020. Ex. A ¶ 4. Mr. O'Donnell was an authorized account signatory when he withdrew the funds from RRR's BANA account. *Id*. ¶ 5. Plaintiffs never contacted BANA to request notification of withdrawals from the account, and they never contacted BANA to restrict Mr. O'Donnell's access to account funds. *Id*.

BAC is a holding company and does not operate as a bank. *Id*. ¶ 6. BAC is a separate entity from BANA, does not operate bank branches, does not maintain business or consumer accounts, and does not have an account relationship with Plaintiffs. *Id*. ¶ 7.

Plaintiffs filed their lawsuit in a Texas state court on October 24, 2024. ECF No. 1-3. The evidence in the record demonstrates that Mr. O'Donnell filled out BANA's "out of state counter withdrawal" form on June 27, 2020. Ex. A-3. He sought to withdraw $917,154 from RRR's BANA account.

Defendants move for summary judgment based on the affirmative defense of statute of limitations. Defendants filed their motion on August 12, 2025. Plaintiffs' deadline to respond to the motion was August 26, 2025. The Magistrate Judge, to whom pretrial matters were referred, ordered Plaintiffs to file a response on or before September 2, 2025, and explain the failure to respond by the original deadline. ECF No. 21. To date, Plaintiffs have not responded to the motion.

## II. APPLICABLE LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *accord Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because jurisdiction in this case is based on diversity of citizenship, the Court must "apply Texas law," including its law regarding statutes of limitations. *Ocwen Loan Servicing, LLC v. Berry*, 852 F.3d 469, 473 (5th Cir.  2017); *accord West*

*v. Conrail*, 481 U.S. 35, 39 n.4 (1987).

### III. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When seeking summary judgment on an affirmative defense, the movant "must establish beyond peradventure" each essential element of the defense. *Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011), *adhered to on reh'g en banc*, 698 F.3d 229 (5th Cir. 2012); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish

a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

It is well-established that courts do not grant a default summary judgment merely because the motion elicited no response. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Simmons v. Vanguard Res. Inc.*, No. 5:19-CV-0848-JKP, 2020 WL 4738949, at *2 (W.D. Tex. Aug. 14, 2020). Indeed, Fed. R. Civ. P. 56(e) sets out various discretionary options that courts may utilize when any party "fails to properly address another party's assertion of fact as required by Rule 56(c)," including (2) considering "the fact undisputed for purposes of the motion" or (3) granting "summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[1]

### IV. ANALYSIS

A federal court exercising diversity jurisdiction applies state substantive law, including the state's statute of limitations and exceptions. *Beavers v. Metropolitan Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). Under Texas law, the statute of limitations for a breach of contract claim is

---

[1] After the filing of a motion for summary judgment, non-movants typically have an opportunity to respond. But a response is not always required. *See* Fed. R. Civ. P. 56(e). Under appropriate circumstances, courts can grant summary judgment even in the absence of a response. *Id*. The Local Rules of the Western District of Texas also provide discretionary authority to grant a motion as unopposed when no response has been timely filed. *See* W.D. Tex. Civ. R. 7(e)(2). For dispositive motions, such as for summary judgment, such discretion is guided by Rule 56 and applicable caselaw.

four years from the date the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.051.

The accrual date of a cause of action is governed by state law. *Milton v. Stryker Corp.*, 551 F. App'x 125, 127 (5th Cir. 2014) (applying Texas law on accrual in a diversity case). The limitations period begins "when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

Defendants have alleged and established that Plaintiffs' causes of action for breach of contract and breach of fiduciary duty accrued no later than June 30, 2020. ECF No. 20 at 8.[2] The uncontroverted evidence reflects that Mr. O'Donnell was an authorized signatory on RRR's Bank of America account, he withdrew $917,154.00 from the account on June 27, 2020, and the cashier's check in that amount was negotiated on the very same day (June 27, 2020). Plaintiffs have not contested any of the facts alleged in the motion and evidence submitted in support of the motion. Plaintiffs filed their lawsuit on October 24, 2024 – nearly four years and four months after the alleged improper transaction occurred. Defendants are entitled to judgment as a matter of law on their affirmative defense of statute of limitations.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Summary Judgment (ECF No. 20) filed by Defendants Bank of America Corporation and Bank of America, N.A. By separate document, the Court will enter a Final Judgment dismissing this action.

**IT IS SO ORDERED this 23rd day of January 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendants cite to Exhibit B-1 of their motion, which they identify as Plaintiffs' discovery responses. *See* ECF No. 20 at 5 n.2. Defendants contend "plaintiffs admit the subject Withdrawal occurred in the month of June 2020 and was reported by Plaintiffs in the month of June 2020." *Id*. Defendants attached the declaration of Grant M. Figari, counsel for Defendants, as Exhibit B to the motion. ECF No. 20-5. Mr. Figari's declaration states he attached Plaintiffs' responses to written discovery as Exhibit B-1 to his declaration. The Court conducted a diligent search of the record, but the actual discovery responses were not attached to the declaration. Despite this oversight, the Court has determined that Defendants have met their burden to show the latest date for the accrual of Plaintiffs' causes of action is June 30, 2020.